*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARIO MANUEL PEREZ,

        Defendant-Appellant.

UNPUBLISHED
July 22, 2026
1:53 PM

No. 373333
Wayne Circuit Court
LC No. 22-006526-01-FC

---

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84; felonious assault, MCL 750.82; and domestic violence, MCL 750.81(2). Defendant was sentenced to concurrent prison terms of three to ten years for the AWIGBH conviction, two to four years for the felonious-assault conviction, and 90 days in jail for the domestic-violence conviction. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arose when defendant attacked his then-wife, the victim, in their home. According to the victim, when she returned from her job late in the evening, she had a snack and sat down on the couch to check her schedule for the next day. Defendant noticed the victim on her cellular phone and asked what she was doing. The victim told him, and defendant grabbed her phone from her. Defendant told the victim that she did not need to check her schedule because she was "not going to leave this house alive." The victim attempted to retrieve her phone when defendant used it to strike her on the side of her head.

Defendant left and returned with an electronic tablet, which he used to strike the victim on the top of her head. Defendant accused the victim of cheating on him and pulled out a knife from a nearby drawer. Defendant continued to hit the victim with the tablet and slashed at her throat with the knife. Defendant stabbed the victim on the right side of her head and told her: "I'm tired of you being fat and stupid, I'm going to kill you." The victim attempted to flee, but defendant pushed her down on the couch, stabbing her in the shoulder and throat. The victim struck defendant in the groin twice before managing to free herself.

The victim ran to the front door, and defendant pursued her while stabbing her in the back. The front door was locked, and the victim attempted to open it as defendant continued to stab her in the back. After opening the door, the victim fled to her neighbor's home. The neighbor brought the victim inside and called the police. Defendant was arrested, and the victim was taken to the hospital where she was treated for 34 stab wounds and required surgery to repair a damaged lung. Detectives Tim Bently and Jennifer Giannola of the Canton Township Police Department collected evidence from the home and interviewed the victim. Defendant was charged with assault with intent to murder (AWIM), MCL 750.83, felonious assault, and domestic violence.

At trial, Giannola testified as to what the victim disclosed about the assault during their interview. Defendant objected, arguing that Giannola's testimony was a narration and hearsay. However, the trial court ruled that the testimony was admissible under MCL 768.27c. In addition, defendant testified on his own behalf, asserting that the victim attacked him first and that he used his knife in self-defense. Ultimately, the jury found defendant guilty of the lesser offense of AWIGBH, felonious assault, and domestic violence.

At sentencing, the victim provided an impact statement. Defense counsel explained defendant's medical conditions, including Parkison's diagnosis and spinal stenosis. Defendant also was diagnosed with inoperable liver cancer. Defendant expressed remorse for his actions and stated he "just want[ed] to die in peace." The trial court expressed sympathy for defendant's situation but noted the brutal nature of the assault, citing the 34 stab wounds that the victim suffered and the impact on her. The trial court determined that defendant's advanced age and medical conditions did not warrant a downward departure given the facts of the offense, and sentenced defendant within the guidelines to a minimum of 36 months in prison. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution introduced insufficient evidence to disprove his self-defense claim. We disagree.

## A. STANDARDS OF REVIEW

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "In examining the sufficiency of the evidence, 'this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt.'" *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012), quoting *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005).

## B. ANALYSIS

"A challenge to the sufficiency of evidence underpinning a conviction implicates due process. Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Darga*, 349 Mich App 1, 14; 27 NW3d 298 (2023) (quotation marks and citation omitted). "The prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of

the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Defendant challenges his convictions of AWIGBH, felonious assault, and domestic violence, arguing that the prosecution failed to disprove beyond a reasonable doubt that he acted in self-defense.[1]

Once a defendant establishes an issue of self-defense and satisfies the initial burden of producing evidence to support his or her claim, the burden of proof shifts to the prosecution to exclude the possibility that the defendant acted in self-defense beyond a reasonable doubt. *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). Self-defense "justifies otherwise punishable criminal conduct, usually the killing of another person, 'if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself.' " *Id*. at 707, quoting *People v Riddle*, 467 Mich 116, 127; 649 NW2d 30 (2002). Self-defense is codified in MCL 780.972, which states, in relevant part:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:
>
> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

In this case, defendant provided evidence of self-defense through his testimony. Defendant testified that the victim initiated the assault, kicked him in the groin, punched him on the head, and attacked him while he was on the ground. Defendant further testified that he used his knife to "hit" the victim in an attempt to stop her. Defendant asserted that he felt fear for his life when the victim attacked him. Thus, because defendant provided some evidence that he acted in self-defense, the burden shifted to the prosecution to disprove his claim beyond a reasonable doubt. See *Dupree*, 486 Mich at 709-710.

The prosecution sustained its burden. The victim provided her version of events, identifying defendant as the sole aggressor. The victim stated that defendant accused her of cheating and began attacking her, saying that she would not leave the home alive. The victim told her neighbor immediately after the assault that defendant attacked her, and the neighbor confirmed this at trial. Moreover, the victim's injuries were thoroughly documented, identifying 34 stab wounds to the head, back, shoulders, and neck, which generally matched where the victim testified

---

[1] Defendant does not dispute that the prosecution proved the specific elements of these three offenses. Rather, defendant only argues the issue of self-defense.

that defendant attacked her. This substantial number of stab wounds to the victim, particularly the "several" in her back, greatly undermines the claim that defendant acted in self-defense. Further, the officers noted that defendant did not appear injured or in need of assistance walking shortly after the events at issue, suggesting that he was physically able to assault the victim in the manner that she described.

While the defendant and the victim provided significantly different versions of the assault, the jury decides credibility. See *Hardiman*, 466 Mich at 428. The victim's testimony was corroborated by the prosecution's other witnesses, as well as the number and locations of stab wounds to her. Consequently, the prosecution provided sufficient evidence to disprove defendant's claim of self-defense beyond a reasonable doubt.

## III. EVIDENTIARY ISSUE

Defendant next argues that the trial court erred when it admitted Giannola's testimony under MCL 768.27c. In particular, while defendant does not dispute that the testimony was within the scope of MCL 768.27c itself, defendant asserts that it was nonetheless inadmissible under MRE 403 and MRE 801(d)(1)(B). We disagree.

To the extent that defendant argues that Giannola's testimony was inadmissible hearsay, this issue is preserved. See *People v Considine*, 196 Mich App 160, 162; 492 NW2d 465 (1992). However, to the extent that defendant argues that her testimony was inadmissible under MRE 403, this issue is unpreserved. See *id*.

"A trial court's decision to admit evidence will not be disturbed absent an abuse of discretion." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Id*. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017) (quotation marks and citation omitted).

Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (cleaned up).

At the time of trial, MCL 768.27c(1) provided as follows:

(1) Evidence of a statement by a declarant is admissible if all of the following apply:

(a) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.

(b) The action in which the evidence is offered under this section is an offense involving domestic violence.

(c) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.

(d) The statement was made under circumstances that would indicate the statement's trustworthiness.

(e) The statement was made to a law enforcement officer.[2]

"Our Legislature enacted MCL 768.27c as a substantive rule of evidence reflecting specific policy concerns about hearsay in domestic violence cases." *People v Meissner*, 294 Mich App 438, 445; 812 NW2d 37 (2011). "In MCL 768.27c, the Legislature determined that under certain circumstances, statements made to law enforcement officers are admissible in domestic violence cases." *Id*.

MRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Typically, as in this case, MRE 403 requires courts to engage in a balancing test between unfair prejudice and probative value. See *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). Here, the possibility of unfair prejudice was minimal, as the jury heard testimony from the victim herself about the assault and her various injuries, as well as other corroborating testimony regarding the assault. Thus, the testimony at issue largely was cumulative to the evidence introduced at trial and did not introduce any new incriminating evidence against defendant. On the other hand, the testimony at issue had some probative value, as it reinforced the victim's testimony that the assault was unprovoked. Therefore, given that the testimony presented relatively minimal unfair prejudice and had some probative value, the trial court did not plainly err by admitting it notwithstanding MRE 403.

MRE 801(d)(1)(B) allows that a prior consistent statement may be admissible notwithstanding the general prohibition against hearsay when it "is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying . . . ." However, MRE 801(d)(1)(B), and the various other hearsay exceptions under the rules of evidence, are not intended to allow admission of all prior consistent statements. See *People v Hallaway*, 389 Mich 265, 276; 205 NW2d 451 (1973) ("Where the prior extra judicial statement of a witness agrees with his testimony, the out-of-court remark is self-serving, and is not generally permitted under any established exception to the hearsay rule."). In this case, the prosecution simply used Giannola's testimony to reinforce the victim's testimony, not necessarily to rebut a charge of recent fabrication, influence, or motive, as contemplated by

---

[2] MCL 768.27c was amended effective April 2, 2025, to provide that the statute applies to certain cases beyond domestic violence. See 2024 PA 183.

MRE 801(d)(1)(B). Thus, we are inclined to agree with defendant that Giannola's testimony generally was inadmissible under our rules of evidence. See MRE 801 and 802.

However, we have recognized that MCL 768.27c contemplates that hearsay statements may be admissible notwithstanding the rules of evidence that typically govern hearsay. In other words, MCL 768.27c is a substantive rule of evidence that supersedes the otherwise-applicable hearsay rules enacted by our Supreme Court. See *Meissner*, 294 Mich App at 445. "[S]tatutory rules of evidence that reflect policy considerations over and beyond matters involving the orderly dispatch of judicial business are substantive, and in the case of a conflict with a court rule, the legislative enactment prevails." *People v Watkins*, 491 Mich 450, 474; 818 NW2d 296 (2012) (quotation marks and citation omitted). Therefore, the trial court correctly ruled that Giannola's testimony was admissible under MCL 768.27c notwithstanding MRE 801 and 802.

In any event, even assuming that Giannola's testimony was inadmissible under one or more of the rules of evidence cited by defendant, any error was harmless. See *Carines*, 460 Mich at 763; *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). As explained, the victim testified at length about her assault, and her neighbor provided corroborating support for her testimony. For example, the neighbor testified that the victim was frantic and said that she was attacked by defendant. Moreover, as the victim suffered 34 stab wounds, including several wounds to the back, it is highly unlikely that the jury would have been inclined to credit defendant's claim of self-defense in the absence of Giannola's testimony. Therefore, even if the trial court plainly erred or abused its discretion by admitting Giannola's testimony, any error was harmless.

## IV. PROPORTIONALITY

Finally, defendant argues that his sentence is disproportionate. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality, which requires that the sentence be proportional to the seriousness of the circumstances surrounding the offense and offender." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

### B. ANALYSIS

"[A]ppellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (BOLDEN, J.). "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Id*. at 360. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Burkett*, 337 Mich App 631, 637; 976 NW2d 864 (2021) (quotation marks and citation omitted). " 'Unusual' means 'uncommon, not usual, rare.' " *People v Ventour*, 349 Mich App 417, 430; 27 NW3d 660 (2023), quoting *People v Sharp,* 192 Mich App 501, 505; 481 NW2d 773 (1992).

In this case, the sentencing guidelines provided for a minimum term between 29 to 57 months in prison. The trial court sentenced defendant to a minimum term of 36 months in prison, near the low end of the guidelines. Thus, the trial court's sentence was presumptively proportionate, and defendant must show "unusual circumstances" that would render his sentence disproportionate. See *Burkett*, 337 Mich App at 637.

The defendant argues that the trial court failed to consider his advanced age, medical conditions, and lack of criminal history. However, the trial court was not required to expressly consider such mitigating factors at sentencing. See *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011). Moreover, the record reflects that the trial court was aware of defendant's advanced age and medical conditions, as defendant testified about these matters, defense counsel reiterated them at sentencing, and the trial court actually noted them when imposing its sentence. Additionally, the trial court stated that it reviewed the presentence investigation report, which included defendant's lack of criminal history. Thus, the trial court presumably was aware of this fact as well when imposing sentence.

More importantly, we do not believe that, under the circumstances of this case, defendant's advanced age, medical conditions, and lack of criminal history constitute "unusual circumstances" that would warrant a downward departure. Defendant's lack of criminal history was incorporated into the scoring of the sentencing guidelines themselves, so it cannot also constitute a reason to impose a sentence outside the guidelines. And, his advanced age and medical conditions do not serve to mitigate his criminal conduct in this case. More importantly, the trial court seemingly did incorporate his advanced age and medical conditions into its ultimate sentence, as it expressly recognized those facts when imposing a sentence near the low end of the guidelines notwithstanding the prosecution's request to impose a sentence at the top of the guidelines.

Simply put, we find the 36-month minimum sentence imposed by the trial court to be reasonable and proportionate to the offense and offender. See *Lowery*, 258 Mich App at 172. As the trial court aptly explained at sentencing, this case involved the victim suffering 34 stab wounds and consequently suffering a significant emotional impact on her life. In fact, the offense variables were scored at 125 points, far exceeding the 75-point maximum for the underlying offense of AWIGBH. See MCL 777.65. This illustrates the egregious nature of the offense and underscores what may be characterized as the trial court's leniency by imposing a sentence near the low end of the guidelines. Thus, because the trial court did not abuse its discretion when sentencing defendant, resentencing is not warranted.

V. CONCLUSION

For the reasons stated above, we affirm.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young

-7-